Civil Action No. 4:18-cv-2569

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | |
| MICHAEL ANDREW McCANN, | § | Bankr. Case No. 18-33152 |
| | § | |
| Debtor. | § | |

---

**Appeal of Order Annulling Automatic Stay**
**In the United States Bankruptcy Court, Southern District of Texas, Houston**
**Division, Judge Jeff Bohm Presiding**

---

**APPELLEE'S BRIEF**

WAUSON ♦ PROBUS
Matthew B. Probus
TBA# 16341200
mbprobus@w-plaw.com
One Sugar Creek Center Blvd., Suite 880
Sugar Land, Texas 77478
(281) 242-0303 (Telephone)
(281) 242-0306 (Facsimile)

*ATTORNEYS FOR APPELLEE,*
*SPENCER PLANTATION INVESTMENTS, LTD.,*
*CREDITOR AND PARTY IN INTEREST*

## <u>Corporate Disclosure Statement</u>

The Appellee Spencer Plantation Investments, Ltd. has no parent company and no public corporation owns 10% or more of its stock.  It is a privately held, Texas limited partnership.

## **Table of Contents**

|  | **Page** |
|---|---|
| Corporate Disclosure Statement | i |
| Table of Contents | ii |
| Table of Authorities | iii - iv |
| Jurisdictional Statement | v |
| Statement of Issues and Standard of Review | vi |
| Statement of the Case | 1 |
| Summary of Argument | 4 |
| Argument | 4 |
| Conclusion | 8 |
| Certificate of Compliance | 9 |
| Certificate of Service | 9 |

## <u>Table of Authorities</u>

**Cases**                                                                     **Page**

*AT&T Universal Card Services v. Mercer*,
     246 F.3d 391 (5th Cir. 2001).                          vi

*Chunn v. Chunn (In re Chunn)*,
     106 F.3d 1239 (5th Cir. 1997).                         v

*In re Tara Hills, Inc.*,
     234 F. App'x 432 (9th  Cir. 2007).                     5

*In re Albany Partners, Ltd.,*
     749 F.2d 670 (11th Cir. 1984).                         5

*In re Robbins*,
     964 F.2d 342 (4th Cir. 1992).                          6, 7

*Little Creek Dev., Co. v. Commonwealth Mortg.*
     *(In re Little Creek Development Company)*,
     779 F. 2nd 1068 (5th  Cir. 1986).                      4, 5
                                                                   7

*Mataya v. Kissinger (In re Kissinger)*,
     72 F.3d 107 (9th Cir. 1995).                           6

*Sikes v. Global Marine, Inc.*,
     881 F.2d 176 (1989).                                   6, 8

iii

**Statutes and Rules**

11 U.S.C. § 102(1)(A)                                                    5

11 U.S.C. § 362(a)                                                       4

11 U.S.C. § 362(d)                                                       4, 6

## Jurisdictional Statement

The Bankruptcy Court had jurisdiction over the adversary proceeding below under 28 U.S.C. § 1334(a).  Annulment of the automatic stay under 11 U.S.C. § 362 is a core proceeding under 28 U.S.C. § 157(b)(2)(A), therefore, the Bankruptcy Court had the constitutional authority to enter a final order in the case.

The District Court has jurisdiction over this appeal pursuant to 28 U.S.C. § 158(a), as this is an appeal of a final dispositive order of the Bankruptcy Court. An order granting relief from an automatic stay is a final and appealable order. *Chunn v. Chunn (In re Chunn)*, 106 F.3d 1239, 1241 (5th Cir. 1997).

## Statement of Issues and Standard of Review

The sole issue on appeal is whether the Bankruptcy Court erred in entering an order *sua sponte* terminating the automatic stay imposed by 11 U.S.C. § 362(a) retroactively to the petition date, for cause.   The District Court reviews the Bankruptcy Court's legal conclusions de novo, but must accept the Bankruptcy Court's factual findings unless they are clearly erroneous, giving due regard to the Bankruptcy Court's opportunity to judge the credibility of the witnesses.  *AT&T Universal Card Services v. Mercer*, 246 F.3d 391, 402 (5th Cir. 2001).

## **Procedural and Factual Background**

On June 6, 2018, the Appellant, representing himself *pro se*, filed a Chapter 7 bankruptcy petition.[1] (Case No. 18-33152, Doc. No. 1). That petition was the Appellant's seventh bankruptcy filing since 1996 and his fifth bankruptcy filing since 2013. (Case No. 18-33152, Doc. No. 22, p. 1). The Appellant initially obtained the benefits of the automatic stay in this current bankruptcy case. (Case No. 18-33152, Doc. No. 22, p. 1).  The Appellant's recent bankruptcy case was filed to stop Spencer Plantation Investments, Ltd. ("Appellee") from taking possession of approximately 75 acres of real property located in Brazoria County, Texas that the Appellant formerly owned (the "Property"). (Case No. 18-33152, Doc. No. 22, p. 1).  Appellee had purchased the Property at an Internal Revenue Service ("IRS") auction sale on October 21, 2014 as a result of the Appellant's failure to pay federal income taxed to the IRS. (Case No. 18-33152, Doc. No. 22, p. 1).  The Appellant has never recognized the IRS' sale as legitimate. (Case No. 18-33152, Doc. No. 22, p. 1).  He has fought the IRS in previous cases trying to block the sale of the Property.  (Case No. 18-33152, Doc. No. 22, p. 8, fn 1 in Exhibit A).

---

[1] The Appellant failed to file a designation of record with the Bankruptcy Clerk, and there is thus no record on appeal that has been filed in this Court by the Bankruptcy Clerk.  The Appellee has cited the bankruptcy document numbers where appropriate.

The Bankruptcy Court attached to its Order, as Exhibit A, a copy of the pleading that Appellee filed in the Bankruptcy Court setting forth the detail of the Appellant's numerous attempts in the past several years to thwart the IRS and Appellee. (Case No. 18-33152, Doc. No. 22, p. 6).

All of the bankruptcy cases that the Appellant filed, with one exception, were all dismissed because of the failure to comply with the provisions of the Bankruptcy Code and/or Bankruptcy Rules. (Case No. 18-33152, Doc. No. 22, pp. 2 and 19). The bankruptcy case number 04-38909 was the one case that was not dismissed. (Case No. 18-33152, Doc. No. 22, p. 19). However, in that case, the Appellant was expressly denied a discharge under 11 U.S.C. § 727 due to his fraudulent acts. (Case No. 18-33152, Doc. No. 22, p. 2 fn. 2, citing Case No. 04-38909, Doc. No. 55). The Bankruptcy Court attached to its Order, as Exhibit B, a chart showing the history of the Appellant's prior bankruptcy cases. (Case No. 18-33152, Doc. No. 22, p. 19).

On June 20, 2018, the Appellant filed an adversary proceeding against Appellee in the Bankruptcy Case. (Adv. Pro. No. 18-3168, Doc. No. 1). The Bankruptcy Court dismissed that adversary proceeding on the grounds that the Appellant had no standing to bring the claims, because the claims were property of the Chapter 7 bankruptcy estate and only the Chapter 7 Trustee had standing to bring those claims. (Adv. Pro. No. 18-3168, Doc. No. 16).  In addition, on July 16,

2018, the Appellant filed a pleading entitled "Emergency Motion for an Order to Void Texas Court Orders and Processes which were Issued after Automatic Stay" (the "Stay Motion"). (Case No. 18-33152, Doc. No. 21). Essentially, the Appellant in the Stay Motion alleged that the State Court's in Brazoria County, Texas had violated the automatic stay with respect to rights that the Appellant believed he had in the Property. *Id*. The Appellant requested in the Stay Motion that the Court "void any order, writ or other process that was issued in any Court after June 6, 2018." (Case No. 18-33152, Doc. No. 21, p. 2). The Appellant's proposed order contained language stating "all orders, writs or processes issued in any Texas County or State Court after the filing of the bankruptcy petition in this Court on June 6, 2018, are hereby declared void." (Case No. 18-33152, Doc. No. 21-1).  The actions in the Brazoria County state court that Appellant contends were void were entry of an amended judgment of possession and issuance and execution of a writ of possession in that forcible entry and detainer suit by Appellee against Appellant regarding the Property.

On July 19, 2018, the Bankruptcy Court entered its Order annulling the Automatic Stay to the date of the filing of the Debtor's petition and denying the Debtor's Emergency Motion for an Order to Void State Court Orders and Processes. (Case No. 18-33152, Doc. No. 22).

## Summary of Argument

A Bankruptcy Court may annul the automatic stay *sua sponte* for "cause." The Court entered the Order for cause because of the Appellant's bad faith conduct exhibited in the underlying Bankruptcy Case and in previous bankruptcy cases, which constituted "cause" for annulling the automatic stay. The Bankruptcy Court did not err in entering the order annulling the stay retroactively.

A Bankruptcy Court has discretion of whether to void orders and processes taken by state courts during the automatic stay. The Appellant's conduct in previous bankruptcy cases and in this Bankruptcy Case constituted bad faith and an abuse of the bankruptcy process. The Bankruptcy Court did not err in denying the Debtor's Emergency Motion for an Order to Void State Court Orders and Processes.

This Court should affirm the Bankruptcy Court's order and render judgment in favor of the Appellee.

## Argument

Upon the filing of a bankruptcy petition, § 362(a) of the Bankruptcy Code, imposes an Automatic Stay. That section states that the stay can be terminated, annulled, modified or conditioned "for cause." The term "cause" under § 362(d)(1) of the Bankruptcy Code is "a term not defined in the statues so as to afford flexibility to the Bankruptcy Courts." *Little Creek Dev., Co. v. Commonwealth*

*Mortg. (In re Little Creek Development Company)*, 779 F. 2nd 1068, 1072 (5th Cir. 1986). One of the factors that *Little Creek* sets forth that a Bankruptcy Court may consider in evaluating "cause" are the motives of the debtor. *Id.* Further, the Fifth Circuit has noted that cause to lift the stay may exist where there is a two-party dispute involving the debtor. *Id* at 1073. Finally, under § 105 of the Bankruptcy Code, the Court may, *sua sponte*, take any action necessary or appropriate to prevent an abuse of the bankruptcy process. A bankruptcy court may take such action without actually giving notice to the debtor and holding a hearing. 11 U.S.C. § 102(1)(A); See also *In re Tara Hills, Inc.*, 234 F. App'x 432, 433 (9th Cir. 2007).

An annulment of the automatic stay, as opposed to termination of the stay, operates retroactively to validate actions taken after the petition for bankruptcy was filed. *In re Albany Partners, Ltd.,* 749 F.2d 670, 675 (11th Cir. 1984).  The Fourth Circuit has recognized three elements for bankruptcy courts to consider in weighing whether to annul the stay: (1) whether the issues in the case involve only state law, so the expertise of the bankruptcy court is unnecessary; (2) whether modifying the stay will promote judicial economy and whether there would be greater interference with the bankruptcy case if the stay were not lifted because matters would have to be litigated in bankruptcy court; and (3) whether the estate can be protected properly by a requirement that creditors seek enforcement of any

judgment through the bankruptcy court. *In re Robbins*, 964 F.2d 342, 346 (4th Cir. 1992); *See Mataya v. Kissinger (In re Kissinger)*, 72 F.3d 107, 108-09 (9th Cir. 1995).  The Fifth Circuit in *Sikes v. Global Marine, Inc.*, 881 F.2d 176 (1989) held that actions violative of the automatic stay are voidable, not void, and that a bankruptcy court has the power under section 362(d) to annul the stay retroactively to the petition date to preserve actions taken in state court post-petition.

This case called out for the Court's entry of the order annulling the stay and denying the Appellant's request for an order voiding the state court's orders and processes. Not only did the Appellant have a history of abusing the bankruptcy process by filing multiple bad faith bankruptcy filings, but in the present Bankruptcy Case the Appellant continued with this pattern. The Appellant scheduled the dental license in the State of Texas but failed to set forth current value of that asset as he is required to do.  In response to item 33 (claims against third parties) on Schedule B the Appellant represented that he has a "claim to property," but fails to set forth the current value of the claim as he is required to do.  The Appellant filed an adversary proceeding against the Appellee that he had no standing to bring, which amounted to a further abuse of the bankruptcy process. The Bankruptcy Court's factual findings supporting cause to annul the stay were not clearly erroneous, and the Bankruptcy Court did not err in annulling the stay retroactive to the petition date.

Further, this case is exactly the type of two party dispute subject to dismissal for cause as contemplated in *Little Creek*, *supra.* The Appellee has title to the Property and sued Appellant for possession in a forcible entry and detainer action in Brazoria State court. The Appellee was awarded a final judgment of possession, the writ of possession issued, and the Constable executed the writ of possession. The Appellant's sole purpose in filing this Bankruptcy Case was to stop the Appellee from gaining possession of the Property and attempting to re-litigate the title claims he had lost. There are essentially no other creditors of note in the case. (Case No. 18-33152, Doc. No. 8, pp. 13 - 17). This weighs in favor of the annulment of the stay for cause.

Finally, the factors enumerated by the Fourth Circuit in *In re Robbins*, *supra*, are supported by the facts in this case. First, the actions taken in the Brazoria County state court involved only state law; namely, entry of a judgment of possession in a forcible entry and detainer suit and issuance and execution of the writ of possession in that case. Second, annulling the stay promoted judicial efficiency, because the state court had already tried the possession case and ruled in favor of Appellee. The Property was Appellee's Property; not Appellant's Property. *Sua sponte* annulment of the stay saved the time and judicial resources of a motion to lift/annul the stay and possibly time and expense of pursuing entry of a new judgment of possession and execution of a new writ of possession. The

actions taken in the Brazoria County state court were the exact type of actions the Fifth Circuit described should be preserved in *Sikes v. Global Marine.*   The Bankruptcy Court did not err in annulling the automatic stay retroactively and did not err in denying the Appellant's motion to void those state court actions.

## Conclusion

The Appellant's conduct gave rise to "cause" for the Bankruptcy Court to annul the automatic stay retroactive to the date of the filing of the Chapter 7 petition.   The Bankruptcy Court did not err in entering its order annulling the stay and did not err in denying the Appellant's motion to void the state court actions. This Court should affirm the order of the Bankruptcy Court.

WHEREFORE, PREMISES CONSIDERED, the Appellant, Spencer Plantation Investments, Ltd., respectfully requests that this Court affirm the order of the Bankruptcy Court and render judgment in favor of the Appellee.

Respectfully submitted,

**WAUSON ♦ PROBUS**
By:___ */s/ Matthew B. Probus* ____
　　　　**Matthew B. Probus**
　　　　State Bar No. 16341200
　　　　Fed. ID No. 10915

One Sugar Creek Center Blvd., Suite 880
Sugar Land, Texas 77478
(281) 242-0303 (Telephone)
(281) 242-0306 (Facsimile)
mbprobus@w-plaw.com

*ATTORNEYS FOR DEFENDANT,*
*SPENCER PLANTATION*
*INVESTMENTS, LTD.*

## CERTIFICATE OF COMPLIANCE

I hereby certify that the principal brief of Appellant contains a total of 2,273 words, exclusive of the Table of Contents and Table of Authorities, in compliance with Fed. R. Bankr. Pro. 8015(a)(7)(B).

By:\_\_\_\_/s/ Matthew B. Probus_____

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the Appellee's Brief has been served upon the Appellant, Michael Andrew McCann via United States regular mail, first class, postage prepaid, and by United States certified mail, return receipt requested, at the address listed below on this 1st day of October, 2018.

Michael Andrew McCann
P.O. Box 66
Brazoria, Texas 77422

By:\_\_\_\_/s/ Matthew B. Probus_____

9